IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF HAWAII

ANTHONY T. WILLIAMS,                )      CIVIL 16-00411 LEK-RLP
                                    )
          Plaintiff,                )
                                    )
     vs.                            )
                                    )
STATE OF HAWAII, et al.,            )
                                    )
          Defendants.               )
_____     )


**ORDER:  (1) GRANTING DEFENDANT'S MOTION TO DISMISS FIRST
VERIFIED AMENDED COMPLAINT, FILED ON APRIL 24, 2017
[DKT NO. 28] OR, IN THE ALTERNATIVE, FOR SUMMARY JUDGMENT;
AND (2) DISMISSING THE COMPLAINT IN ITS ENTIRETY**

          On May 19, 2017, Defendant Joseph Self, Jr. ("Self")

filed a Motion to Dismiss First Verified Amended Complaint, Filed

on April 24, 2017 [Dkt no. 28] or, in the Alternative, for

Summary Judgment ("Motion").  [Dkt. no. 33.]  Pro se Plaintiff

Anthony T. Williams ("Plaintiff") filed a memorandum in

opposition on June 6, 2017,[1] and Self filed a reply on June 14,

2017.  [Dkt. nos. 37, 38.]  The Court finds this matter suitable

for disposition without a hearing pursuant to Rule LR7.2(d) of

_____

          [1] The document that Plaintiff filed on June 6, 2017 is
titled "Motion to Dismiss Defendant Joseph Self, Jr's Motion to
Dismiss First Verified Amended Complaint, Filed on April 24, 2017
[Dkt. No. 28] or in the Alternative for Summary Judgment."
However, given Plaintiff's pro se status, in an Entering Order
filed on June 14, 2017, [dkt. no. 40,] the Court construed the
filing as his memorandum in opposition to the Motion.  See, e.g.,
Hester v. Horowitz, CIVIL 17-00014 LEK-KSC, 2017 WL 1536401, at
*4 (D. Hawai`i Apr. 28, 2017) ("This Court must liberally
construe [the d]efendant's filings because he is proceeding pro
se." (citation omitted)).

the Local Rules of Practice of the United States District Court
for the District of Hawai`i ("Local Rules").  Defendant's Motion
is hereby granted for the reasons set forth below.

**DISCUSSION**

I.  **Plaintiff's First Verified Amended Complaint**

Plaintiff filed his Civil Rights Complaint
("Complaint") on June 28, 2016 in the United States District
Court for the District of Columbia.  [Dkt. no. 1.]  On June 28,
2016, the District of Columbia court filed a Transfer Order,
pursuant to 28 U.S.C. § 1406(a), that transferred the instant
matter to this Court.  [Dkt. no. 3.]  On July 27, 2017, Plaintiff
filed an Application to Proceed in District Court Without
Prepaying Fees or Costs ("Application"), [dkt. no. 2,] which this
Court granted in an Order filed August 31, 2016 ("8/31/16 Order")
[dkt. no. 10].  The 8/31/16 Order also summarized Plaintiff's
claims:

> Based on the foregoing, the Complaint asserts
> claims for judicial misconduct pursuant to 28
> U.S.C. § 351(a), violation of constitutional
> rights pursuant to 42 U.S.C. §§ 1983 and 1985,
> conspiracy and deprivation of rights pursuant to
> 18 U.S.C. §§ 241, 242, and 249, violation of oaths
> of office pursuant to 5 U.S.C. § 3331-33 and state
> law, and/or violation of state criminal and civil
> laws.

[8/31/16 Order at 10 (footnotes omitted).]  Further, the 8/31/16
Order dismissed:

- Plaintiff's claims brought pursuant to federal and state
      criminal laws, as well as Plaintiff's claims to enforce

alleged violations of any oath of office, with prejudice; [id. at 11-13;]

- the claims against Defendant Judge Richard Perkins ("Judge Perkins") with prejudice based on absolute judicial immunity; [id. at 13-15;]

- the §§ 1983 and 1985 claims brought against Defendants State of Hawai`i, Georgia, and Florida, and their agencies and current and former officers in their official capacities (Governor David Ige ("Governor Ige"); Governor Nathan Deal ("Governor Deal"); Governor Rick Scott ("Governor Scott"); former Governor Neil Abercrombie ("Governor Abercrombie"); Lieutenant Governor Shan Tsutsui ("Lieutenant Governor Tsutsui"); Hawai`i Bureau of Conveyances ("BOC") and its employee, Nikki Ann Thompson ("Thompson"); Oahu Community Correctional Center ("OCCC") and OCCC Warden Francis Sequeira ("Warden Sequeira"); State of Hawai`i, Department of the Attorney General ("Hawai`i Attorney General") and its employee, Self; former Hawai`i Attorney General David Louie ("Louie"); Florida Office of the Attorney General ("Florida Attorney General") and its employees Catherine Maus ("Maus"), Christopher Killoran ("Killoran"), and Ellen St. Lauren ("St. Lauren"); and the Florida Bar and its employees Ramon Abadin ("Abadin") and Jacqueline Plasner Needelman ("Needelman")) with prejudice; [id. at 15-17;]

- the 42 U.S.C. § 1983 claim against Warden Sequeira for violation of due process with prejudice, and the § 1983 claim against Warden Sequeira for access to the courts without prejudice; [id. at 19-23;] and

- dismissed any remaining claim without prejudice for failure to comply with Fed. R. Civ. P. 8 [id. at 24-25].

The 8/31/16 Order liberally construed the claims against Self as a claim for excessive force in violation of the Fourteenth Amendment's Due Process Clause, as well as state common law claims of assault and battery, and allowed them to go forward. [Id. at 23-24.]

The Court informed Plaintiff that he
may file an amended complaint on or before
October 17, 2016, that cures the deficiencies
noted above.  If Plaintiff chooses to file an
amended complaint, he must write short, plain
statements telling the court:  (1) the
constitutional or statutory right Plaintiff
believes was violated; (2) the specific basis for
this court's jurisdiction; (3) the name of the
defendant who violated that right; (4) exactly
what that defendant did or failed to do; (5) how
the action or inaction of that defendant is
connected to the violation of Plaintiff's rights;
and (6) what specific injury Plaintiff suffered
because of that defendant's conduct.  Plaintiff
must repeat this process for each person or entity
that he names as a defendant.  If Plaintiff fails
to affirmatively link the conduct of each named
defendant with the specific injury he suffered,
the allegation against that defendant will be
dismissed for failure to state a claim.

An amended complaint generally supersedes a
prior complaint, and must be complete in itself
without reference to the prior pleading.  King v.
Atiyeh, 814 F.2d 565, 567 (9th Cir. 1987),
*overruled in part by* Lacey v. Maricopa Cty., 693
F.3d 896 (9th Cir. 2012) (en banc).  Claims
dismissed without prejudice that are not re-
alleged in an amended complaint may be deemed
voluntarily dismissed.  See Lacey, 693 F.3d at 928
(stating that claims dismissed with prejudice need
not be repled in an amended complaint to preserve
them for appeal, but claims that are not
voluntarily dismissed are considered waived if
they are not repled.).

The amended complaint must designate that it
is the "First Amended Complaint," and may not
incorporate any part of the original Complaint,
but rather, any specific allegations must be
retyped or rewritten in their entirety.  This
includes claims against Defendant Self that were
not dismissed.  Plaintiff may include only one
claim per count.  Any cause of action not already
dismissed with prejudice that is not raised in the
First Amended Complaint is waived.

[Id. at 25-26 (emphasis and footnote omitted).]  After a series

of extensions of time to file his amended complaint, see dkt.

nos. 15, 18, 26, Plaintiff filed his First Verified Amended

Complaint ("Amended Complaint") on April 24, 2017 [dkt. no. 28].

This Court has explained:

> Courts may authorize the commencement of a
> suit without prepayment of fees by a person who
> submits an affidavit that the person is unable to
> pay such fees.  28 U.S.C. § 1915(a)(1).  The Court
> must subject each civil action commenced pursuant
> to Section 1915(a) to mandatory screening and
> order the dismissal of any claim that it finds
> "frivolous, malicious, failing to state a claim
> upon which relief may be granted, or seeking
> monetary relief from a defendant immune from such
> relief."  28 U.S.C. § 1915(e)(2)(B); Lopez v.
> Smith, 203 F.3d 1122, 1127 (9th Cir. 2000)
> (stating that 28 U.S.C. § 1915(e) "not only
> permits but requires" the court to dismiss a
> § 1915(a) complaint that fails to state a claim);
> Calhoun v. Stahl, 254 F.3d 845, 845 (9th Cir.
> 2001) (holding that provisions of 28 U.S.C.
> § 1915(e)(2)(B) are not limited to prisoners).
>
> The Court may also dismiss a complaint for
> failure to comply with Federal Rule of Civil
> Procedure 8.  See Hearns v. San Bernardino Police
> Dep't, 530 F.3d 1124, 1131 (9th Cir. 2008).
> Rule 8 requires that a complaint include "a short
> plain statement of the claim" and that each
> allegation "be simple, concise, and direct."  Fed.
> R. Civ. P. 8(a)(2), (d)(1).

Cataluna v. Vanderford, Civ. No. 14-00480 LEK-RLP, 2014 WL

6490466, at *1 (D. Hawai`i Nov. 18, 2014).  In addition:

> [T]he pleading standard Rule 8 announces does
> not require "detailed factual allegations," but it
> demands more than an unadorned, the-defendant-
> unlawfully-harmed-me accusation.  [Bell Atl. Corp.
> v. Twombly, 550 U.S. 544], at 555, 127 S. Ct. 1955
> [(2007)] (citing Papasan v. Allain, 478 U.S. 265,

> 286, 106 S. Ct. 2932, 92 L. Ed. 2d 209 (1986)). A
> pleading that offers "labels and conclusions" or
> "a formulaic recitation of the elements of a cause
> of action will not do." 550 U.S., at 555, 127 S.
> Ct. 1955. Nor does a complaint suffice if it
> tenders "naked assertion[s]" devoid of "further
> factual enhancement." <u>Id.</u>, at 557, 127 S. Ct.
> 1955.

<u>Ashcroft v. Iqbal</u>, 556 U.S. 662, 678 (2009) (some alterations in

<u>Iqbal</u>). Accordingly, the Court must screen the Amended

Complaint.

### A.   <u>Similarities with the Complaint</u>

The Amended Complaint is fifty pages, over double the

length of the Complaint.[2]  Further, half of the Amended Complaint

is copied almost verbatim from the Complaint.  After a thorough

review, the Court found only three differences in the first half

of Plaintiff's claims:  (1) the Amended Complaint uses paragraph

---

[2] The Amended Complaint names the following parties as
defendants:  Hawai`i; Hawai`i Attorney General; Self; Governor
Ige; Georgia; Georgia Attorney General; Florida; Florida Attorney
General; Governor Abercrombie; Governor Deal; Judge Perkins;
Lieutenant Governor Tsutsui; BOC; Thompson; Warden Sequeira;
OCCC; Department of Public Safety ("DPS"); Federal Bureau of
Investigation ("FBI"); Special Agent Megan Crawley ("Crawley");
Special Agent Joseph Lavelle ("Lavelle"); Louie; Fulton County
District Attorney Paul Howard, Jr. ("Howard"); Judge
Robert McBarney ("Judge McBarney"); Fulton County Jail; Sheriff
Theodore "Ted" Jackson ("Jackson"); WSVN Channel 7 News and
Carmel Cafiero ("Cafiero"); Judge Andrew L. Siegel ("Judge
Siegel"); Gayle M. Siegel ("G. Siegel"); Maus; Killoran; Broward
County Sheriffs Scott Israel ("Israel"), John Calabro
("Calabro"), James Hoy ("Hoy"), and Timothy Lettieri
("Lettieri"); Mary Calabro ("M. Calabro"); Broward County Clerk
of Court Barbara Brown ("Brown"); the Florida Bar; Needelman; and
Abadin (collectively "Defendants").  [Amended Complaint at pgs.
1-4.]

numbers, <u>compare</u> Complaint at pg. 4, <u>with</u> Amended Complaint at ¶ 14; (2) Plaintiff adds what appears to be a claim for defamation;[3] and (3) Plaintiff deleted a portion of his claim for malicious prosecution, <u>compare</u> Complaint at pg. 16, <u>with</u> Amended Complaint at ¶ 65. Insofar as the Amended Complaint simply repeats, word for word, the allegations in the Complaint, it is axiomatic that all but the claims against Self fail to state a claim because they were all previously dismissed.

**B.** **Additional Claims**

There are a number of new claims in the Amended Complaint – some stated more clearly than others – that fail to

---

[3] Plaintiff contends:

> 52. WSVN Channel 7 News and their reporter Carmel Cafiero, knowingly published lies to defame the character and slander the name of the Plaintiff. WSVN Channel 7 News also conspired with the Broward County Sheriff's Office to be present when Plaintiff was arrested at the airport to have it televised to further harass, embarrass, and defame the character of the Plaintiff. This is in direct violation of established case law. "[T]he Fourth Amendment does require that police actions in execution of a warrant be related to the objectives of the authorized intrusion." <u>Wilson v. Layne</u>, 526 U.S. 603, 611 (1999).

> 53. "We hold that it is a violation of the Fourth Amendment for police to bring members of the media or other third parties into a home during the execution of a warrant when the presence of the third parties in the home was not in aid of the execution of the warrant." <u>Wilson v. Layne</u>, 526 U.S. 603, 614 (1999).

[Amended Complaint at ¶¶ 52-53.]

state a claim upon which relief can be granted. Further, to the extent that the Amended Complaint brings claims against individual states and/or "seeks damages against any Defendant state agencies, departments, and officials, in their official capacities, such claims are . . . barred by Eleventh Amendment immunity." See 8/31/16 Order at 15 (citing Will v. Mich. Dep't State Police, 491 U.S. 58, 71 (1989)).

1. **Defamation**

Insofar as the Amended Complaint brings a claim for defamation against the news agency and its reporter, see Amended Complaint at ¶¶ 52-53, it fails.

> To state a claim for defamation under Hawaii law, Plaintiff must allege:  "(1) a false and defamatory statement concerning another; (2) an unprivileged publication to a third party; (3) fault amounting at least to negligence on the part of the publisher; and (4) either actionability of the statement irrespective of special harm or the existence of special harm caused by the publication." Gonsalves v. Nissan Motor Corp. in Hawaii, Ltd., 58 P.3d 1196, 1218 (Haw. 2002).

RKM Int'l Ltd. v. Fujita, Civil No. 14-00539 JMS-RLP, 2015 WL 2451187, at *5 (D. Hawai`i Apr. 29, 2015).[4]  Plaintiff does not

---

[4] It appears that the actions in question took place in Florida, though Plaintiff does not directly state the location. However, Florida law still requires a false, defamatory statement. See Jeter v. McKeithen, No. 5:14-cv-00189-RS-EMT, 2014 WL 4996247, at *2 (N.D. Fla. Oct. 7, 2014) ("Under Florida law, to state a claim for defamation, the plaintiff must show that the statement had the following elements: '(1) publication; (2) falsity; (3) actor must act with knowledge or reckless
(continued...)

explain what information was allegedly false and defamatory and provides only conclusory statements about how he was harmed. Plaintiff fails to state a claim upon which relief can be granted, and this claim must therefore be dismissed. <u>See</u> Fed. R. Civ. P. 12(b)(6).

### 2. <u>Conspiracy and RICO</u>

Plaintiff also asserts that: the FBI and the Broward County Sheriff's Office "conspire[d] to deprive Plaintiff of his private property under the disguise of color of law without any probable cause to do so or without there ever being a complaint from a consumer"; [Amended Complaint at ¶ 66;] Defendants "routinely violate their Oaths of office" and have "conspired to aid, abet, encourage, and supported the one another [sic] in their corrupt and criminal enterprises while receiving the financial benefit of their public officials' corrupt activities," [<u>id.</u> at ¶¶ 67-71;] Defendants have obstructed justice and conspired to obstruct justice, in violation of 18 U.S.C. §§ 1503 and 1961; [<u>id.</u> at ¶¶ 72-75;] Defendants violated the Racketeering Influenced and Corrupt Organizations Act ("RICO"), 18 U.S.C.

---

[4](...continued)
disregard as to the falsity on a matter concerning a public official, or at least negligently on a matter concerning a private person; (4) actual damages; and (5) statement must be defamatory.'" (quoting <u>Jews for Jesus, Inc. v. Rapp</u>, 997 So.2d 1098, 1106 (Fla. 2008))); <u>see also</u> Restatement (Second) of Torts § 558.

§ 1961 *et seq.*;[5] [id. at ¶¶ 76-92;] and Defendants violated a separate section of the RICO statute, 18 U.S.C. § 1962(a)(d) [id. at ¶¶ 92-108]. He also "reallege[s] and incorporate[s] in this 42 U.S.C. § 1983 Claim for Relief each and every allegation set forth above, as though fully set forth herein," and includes quotations from a number of cases, constitutional amendments, statutes, and treatises; [id. at ¶¶ 109-116;] and alleges a general claim that Defendants violated 42 U.S.C. § 1986 because they "had knowledge that the wrongs were about to occur, and having power to prevent them, neglected or refused to intervene to prevent the violations from occurring" [id. at ¶¶ 117-19].

First, the Court has already determined that Plaintiff may not bring any claims for violations of oaths of office and has dismissed any such claim with prejudice. See 8/31/16 Order at 12-13. Next, the Court also informed Plaintiff that he may not bring any claims seeking to enforce federal or state criminal statutes, such as 18 U.S.C. § 1503, and has dismissed these claims with prejudice. See id. at 12. Finally, the 8/31/16 Order provided Plaintiff with detailed instructions for filing his Amended Complaint, which Plaintiff has failed to follow. See 8/31/16 Order at 25-26. Instead, Plaintiff provides only

---

[5] RICO provides for a civil remedy. See 18 U.S.C. § 1964(c) ("Any person injured in his business ro property by reason fo a violation of section 1962 of this chapter may sue therefore in any appropriate United States district court . . . .").

10

"formulaic recitation[s] of the elements of a cause of action" or "naked assertions devoid of further factual enhancement." See Iqbal, 556 U.S. at 678 (citations and internal quotation marks omitted). These additional claims fail to state a claim upon which relief can be granted, and they all must be dismissed.

### C.   **"Legal Claims"**

A handwritten section at the end of the Amended Complaint titled "Legal Claims" appears to set out specific allegations against individual defendants. First, Plaintiff attempts to bring claims against two different judges. See Amended Complaint at ¶¶ 120 (claim against Judge Perkins), 128 (claim against Judge Siegel). The 8/31/16 Order already dismissed the claims against Judge Perkins with prejudice, and the claims against Judge Siegel must be dismissed with prejudice for the same reason. See 8/31/16 Order at 14 (citing Swift v. California, 384 F.3d 1184, 1188 (9th Cir. 2004)).

Second, Plaintiff states that Warden Sequeira "fail[ed] to transport [him] to his hearing which caused Plaintiff to lose his case by default." [Amended Complaint at ¶ 121.] The 8/31/16 Order concluded that "the Complaint fails to allege facts showing that Sequeira's conduct caused the alleged failure to transport Plaintiff to court for that November 2013 Hearing. Nor does it allege that the case had a reasonable basis in law or fact or that it was subsequently dismissed." [8/31/16 Order at 23.]

Plaintiff's claim in the Amended Complaint fails for the same reasons. Plaintiff also appears to bring a claim for violation of the Eighth Amendment to the United States Constitution against Warden Sequeira for "failing to protect Plaintiff" and "allowing Plaintiff to be assaulted while in Protective Custody." [Amended Complaint at ¶ 121.] These conclusory statements are insufficient, and do not state "exactly what [Warden Sequeira] did or failed to do" or "how the action or inaction of [Warden Sequeira] is connected to the violation of Plaintiff's rights." See 8/31/16 Order at 25. Plaintiff may not bring a claim under § 1983 based on a theory of respondeat superior, see Bonner v. Lewis, 857 F.2d 559, 566 (9th Cir. 1988), and Plaintiff does not allege that the warden was deliberately indifferent to a known risk of an attack on Plaintiff, see Lemire v. Cal. Dep't of Corr. & Rehab., 726 F.3d 1062, 1074 (9th Cir. 2013). Accordingly, this claim must also dismissed.

Third, Plaintiff alleges that Howard violated his constitutional rights by "causing [him] to be arrested and charged" when Howard "knew [he] was not even in the State of Georgia during the time of the alleged crime." [Amended Complaint at ¶ 124.] Plaintiff asserts that Howard received a copy of a flight itinerary as well as affidavits showing that Plaintiff was not in Georgia during the relevant time period, and that Howard also had medical records supporting Plaintiff's

innocence.  [Id.]  Other district courts in the Ninth Circuit

have explained:

>    Absolute immunity attaches to actions
> "intimately associated with the judicial phase of
> the criminal process."  Broam v. Bogan, 320 F.3d
> 1023, 1028 (9th Cir. 2003) (quoting Imbler, 424
> U.S. at 430).  Caselaw has fleshed out what
> actions qualify as "intimately associated with the
> judicial phase."  Absolute immunity extends to
> "acts undertaken by a prosecutor in preparing for
> the initiation of judicial proceedings or for
> trial, and which occur in the course of his role
> as an advocate for the State . . .  Those acts
> must include the professional evaluation of the
> evidence assembled by the police and appropriate
> preparation for its presentation at trial or
> before a grand jury after a decision to seek an
> indictment has been made."  Buckley [v.
> Fitzsimmons], 509 U.S. [259,] 273 [(1993)].
> Prosecutors also have absolute immunity for their
> decision whether or not to prosecute a case,
> Botello [v. Gammick], 413 F.3d [971,] 976 [(9th
> Cir. 2005)]; for their professional evaluation of
> a witness, even if that judgment "is harsh, unfair
> or clouded by personal animus," id.; for their
> failure to investigate accusations against a
> defendant before filing charges, Broam, 320 F.3d
> at 1029; for knowingly using false testimony, id.;
> and for withholding exculpatory material before
> trial, during trial, or after conviction, id.

Sanchez v. Maricopa Cty., No. CV 07-1244-PHX-JAT, 2007 WL

2903027, at *3 (D. Ariz. Oct. 2, 2007) (alterations in Sanchez).

The claim against Howard is therefore barred by prosecutorial

immunity, and this claim must be dismissed with prejudice.

Next, Plaintiff argues that he was convicted of an

unnamed crime because Calabro "conspired with the State Attorneys

Office to impose excessive bail and unreasonable bond

conditions," which kept him from being able "to properly research

13

and prepare a defense." [Amended Complaint at ¶ 126.] A judgment in favor of Plaintiff "would necessarily imply the invalidity of his conviction or sentence," and this claim must therefore be dismissed without prejudice. See Heck v. Humphrey, 512 U.S. 477, 487 (1994).

Finally, this Court has explained:

"Venue in federal courts is governed by statute." Spagnolo v. Clark Cty., CIVIL NO. 15-00093 DKW-BMK, 2014 WL 7566672, at *2 (D. Hawai`i Nov. 24. 2015) (citing Leroy v. Great Western United Corp., 443 U.S. 173, 181 (1979)). "The plaintiff has the burden of showing that venue is proper in this district." Id. (citing Piedmont Label Co. v. Sun Garden Packing Co., 598 F.2d 491, 496 (9th Cir. 1979)). 28 U.S.C. § 1391(b) states:

**Venue in general.** – A civil action may be brought in --

(1) a judicial district in which any defendant resides, if all defendants are residents of the State in which the district is located;

(2) a judicial district in which a substantial part of the events or omissions giving rise to the claim occurred, or a substantial part of property that is the subject of the action is situated; or

(3) if there is no district in which an action may otherwise be brought as provided in this section, any judicial district in which any defendant is subject to the court's personal jurisdiction with respect to such action.

Drake v. Mercedes Benz USA, CIVIL 16-00478 LEK-RLP, 2016 WL 5796763, at *3 (D. Hawai`i Sept. 30, 2016). Moreover,

> Under 28 U.S.C. § 1406(a), if a case is filed
> in the wrong venue, the court "shall dismiss, or
> if it be in the interest of justice, transfer such
> case to any district or division in which it could
> have been brought." 28 U.S.C. § 1406(a). A court
> should examine a plaintiff's claim to determine
> whether the interests of justice require transfer
> instead of dismissal. <u>See, e.g.</u>, <u>King v. Russell</u>,
> 963 F.2d 1301, 1305 (9th Cir. 1992).

<u>Rosiere v. United States</u>, CIVIL NO. 16-00260 HG-RLP, 2016 WL 3408848, at *2 (D. Hawai`i June 1, 2016), *adopted as modified by* 2016 WL 3440566 (June 20, 2016).

According to the Amended Complaint, Lavelle "confiscate[d] Plaintiff['}s personal property from his vehicle upon a routine traffic stop by Miramar[, Florida] police" on August 28, 2015. [Amended Complaint at ¶ 122.] Plaintiff contends that there was no probable cause for the search and seizure, and no charges were ever filed as a result. [<u>Id.</u>] Further, Plaintiff alleges that Crawley and Calabro conspired with Lavelle to "confiscate" his personal property. [<u>Id.</u> at ¶¶ 123, 125.] According to the Amended Complaint, Crawley is located in Kapolei, Hawai`i, but Lavelle and Calabro are both in Florida. <u>See</u> Amended Complaint at pgs. 2-3. Because Lavelle orchestrated the unlawful seizure, two of the three participants are in Florida, and the only search location noted in the Amended Complaint is also in Florida, the Court concludes that these claims must be dismissed for improper venue and without prejudice.

15

The allegedly improper searches occurred in 2015. "The applicable statute of limitations in a § 1983 lawsuit is the four-year Florida state statute of limitations for personal injuries." Omar ex rel. Cannon v. Lindsey, 334 F.3d 1246, 1252 (11th Cir. 2003) (citations omitted). Thus, "Plaintiff would not be time barred from re-filing this action in another venue," and "[i]n these circumstances, the Court finds that it is not in the interests of justice to transfer this action." Rosiere, 2016 WL 3408848, at *2. Plaintiff's claim against Calabro and Israel alleges a violation of the Fourth Amendment, as well as the Florida State Constitution. See Amended Complaint at ¶ 127. It must be dismissed for the same reasons, without prejudice.

C.  **Summary**

The Court has dismissed the unlawful search claims against Lavelle, Crawley, Calabro, and Israel for improper venue and without prejudice. Thus, Plaintiff may re-file these claims in another venue. Further, Plaintiff's bail claim against Calabro has also been dismissed without prejudice. In order to re-file this claim, Plaintiff would need to "demonstrate that the [relevant] conviction or sentence has already been invalidated." See Heck, 512 U.S. at 487. The Court has not yet considered the claims against Self in the Amended Compliant, which are the subject of the Motion to Dismiss. See infra Section II.

The Court has considered all of Plaintiff's remaining claims, and has noted where some claims were already dismissed with prejudice in the 8/31/16 Order and has also dismissed the claims against Judge Siegel and Howard with prejudice. With regard to any remaining claims, they are the same type of claims that Plaintiff alleged in his Complaint, and the 8/31/16 Order provided Plaintiff with detailed instructions on the requirements for stating a plausible claim for relief. See, e.g., 8/31/16 Order at 25 ("If Plaintiff fails to affirmatively link the conduct of each named defendant with the specific injury he suffered, the allegation against that defendant will be dismissed for failure to state a claim."). He failed to comply with these instructions, and any further amendment would be futile. See, e.g., Lucas v. Dep't of Corr., 66 F.3d 245, 248 (9th Cir. 1995) ("Unless it is absolutely clear that no amendment can cure the defect, however, a pro se litigant is entitled to notice of the complaint's deficiencies and an opportunity to amend prior to dismissal of the action." (citations omitted)). Accordingly, all of these remaining claims are dismissed with prejudice.[6]

---

[6] As the Court noted in the 8/31/16 Order, any claims that Plaintiff did not re-allege in his Amended Complaint are deemed voluntarily dismissed. See 8/31/16 Order at 26 (citation omitted).

## II. **Motion to Dismiss**

The background of this matter was discussed in the 8/31/16 Order and in the screening of the Amended Complaint. Only two paragraphs of the Amended Complaint concern Self:[7]

> 48.  Plaintiff was assaulted at Queens Medical Center on 12-4-13 at approximately between 12 noon and 12:20 p.m., by Agent Joseph Self who hit Plaintiff with two fists in Plaintiff's chest and gagged and choked Plaintiff from behind with a towel.  This occurred in the Hazmat room while waiting for the discharge papers from the earlier assault at the sheriff's department when four sheriffs tried to forcibly take digital fingerprints when Plaintiff told them beforehand that Plaintiff would only do normal fingerprints because they can't be manipulated like digital prints can.
>
> 49.  They bent Plaintiff's fingers and pulled Plaintiff's arms apart while Plaintiff was still I handcuffs [sic] causing deep cuts and bruises to Plaintiff wrist [sic] which was the reason Plaintiff had to be taken to the ER at Queens Medical Center. . . .

Self argues that, pursuant to Haw. Rev. Stat. § 657-7, the relevant statute of limitations is two years, and that Plaintiff's claim accrued on or before December 4, 2013.  [Mem. in Supp. of Motion at 6-8.]  Further, Self asserts that the tolling provision of § 657-7 does not apply in the instant matter, and that there is no relation back to another case that Plaintiff filed in Florida.  [Id. at 8-11.]

---

[7] These claims are the same as the claims against Self in the Complaint.  See Complaint at pg. 11.

Section 657-7 states that "[a]ctions for the recovery of compensation for damage or injury to persons or property shall be instituted within two years after the cause of action accrued, and not after, except as provided in section 657-13." Moreover, because "Congress did not provide a specific statute of limitations for a claim brought under § 1983[,] . . . 'federal courts look to the law of the state in which the cause of action arose and apply the state law of limitations governing an analogous cause of action.'" Eager v. Honolulu Police Dep't, CIVIL NO. 15-00098 JMS-KSC, 2016 WL 471282, at *6 (D. Hawai`i Feb. 4, 2016) (quoting Pouncil v. Tilton, 704 F.3d 568, 573 (9th Cir. 2012)). "The applicable statute is a forum's statute of limitations for personal injury actions." Id. (some citations omitted) (citing Wilson v. Garcia, 471 U.S. 261, 280 (1985)). Pursuant to the allegations in the Amended Complaint, Plaintiff's claim against Self accrued on December 4, 2013. See Amended Complaint at ¶ 48. Plaintiff did not file the original Complaint in this matter until June 28, 2016. Consequently, this claim is time-barred.

Plaintiff argues that he filed a complaint in Florida on December 29, 2014, which is within the statute of limitations. [Mem. in Opp. at 1.] Further, Plaintiff argues that the Complaint in this matter relates back to the Florida case under Fed. R. Civ. P. 15(c) because "the claims were the exact claims

filed in the District of Columbia lawsuit."[8]  [Id.]  This

district court has explained:

> Rule 15(c) allows for an amendment of a
> pleading to relate back to the date of the
> original pleading in certain circumstances.  Those
> circumstances, however, do not exist here – a
> "second complaint does not 'relate back' to [a]
> first complaint because [the] second complaint was
> not an "amendment" to [the] first complaint, but
> rather a separate filing."  O'Donnell v. Vencor,
> Inc., 465 F.3d 1063, 1066 (9th Cir. 2006) (per
> curiam); see also Neverson v. Bissonnette, 261
> F.3d 120, 126 (1st Cir. 2001) (noting that a
> dismissal without prejudice leaves the plaintiff
> "in the same situation as if [the] first suit had
> never been filed" for purposes of Rule 15(c));
> Bailey v. N. Ind. Public Serv. Co., 910 F.2d 406,
> 413 (7th Cir. 1990) ("Rule 15(c), by its terms,
> only applies to amended pleadings in the same
> action as the original, timely pleading.  Because
> the simulator claim was not contained in an
> amended pleading in Suit 1 but in a second,
> separate complaint, Rule 15(c) is inapplicable.");
> see also Morgan Distrib. Co. v. Unidynamic Corp.,
> 868 F.2d 992, 994 (8th Cir. 1989) ("Rule 15(c)
> concerns amendments to pleadings.  Its plain
> language makes clear that it applies not to the
> filing of a new complaint, but to the filing of an
> amendment . . . ." (citation and quotation signals
> omitted)).

Maki v. Dep't of Pub. Safety – State of Haw., Civil No. 07-00588

JMS/BMK, 2010 WL 1904967, at *3 (D. Hawai`i May 10, 2010)

---

[8] The Court notes that Plaintiff states that he "filed the
exact suit in a different district because of the bias Florida
displayed against Plaintiff by dismissing case without
considering its merits."  [Mem. in Opp. at 2.]  This is the
definition of forum-shopping.  See Forum-Shopping, Black's Law
Dictionary (10th Ed. 2014) ("The practice of choosing the most
favorable jurisdiction or court in which a claim might be
heard.").  Because the Court has determined that the claim must
be dismissed on other grounds, it does not need to consider what
impact, if any, this has on the Motion.

(alterations in <u>Maki</u>).  In short, Plaintiff's argument fails, and the Complaint filed on June 28, 2016 does not relate back to the Florida complaint.[9]

Finally, the tolling provisions of Haw. Rev. Stat. § 657-13 are inapplicable here.[10]  Section 657-13 states:

> If any person entitled to bring any action
> specified in this part (excepting actions against
> the sheriff, chief of police, or other officers)
> is, at the time the cause of action accrued,
> either:
>
> (1) Within the age of eighteen years;
>
> (2) Insane; or
>
> (3) Imprisoned on a criminal charge, or in
> execution under the sentence of a criminal
> court for a term less than the person's
> natural life;
>
> such person shall be at liberty to bring such
> actions within the respective times limited in
> this part, after the disability is removed or at
> any time while the disability exists.

On a motion to dismiss, the Court must accept the allegations in the complaint as true.  <u>See</u> <u>Iqbal</u>, 556 U.S. at 678 ("To survive a

---

[9] Self argues that the Florida case did not "identif[y] [him] as a defendant, the pleading alleges no personal injuries to Plaintiff on account of any assault or physical confrontation and the complaint does not describe the incident alleged to have occurred between Plaintiff and Self on December 4, 2013 at Queen's Medical Center." [Reply at 3.]  Because the relevant case law establishes that the Complaint does not relate back to Plaintiff's Florida case, the Court does not need to address this matter.

[10] Plaintiff did not address this matter in his memorandum in opposition, but the Court considers it because Plaintiff is pro se and for the sake of judicial efficiency.

motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" (quoting <u>Twombly</u>, 550 U.S. at 570)). Here, Plaintiff described Self as an "Agent" and states that he works for the State of Hawai`i, Attorney General's Office. [Amended Complaint at pg. 1, ¶ 48.] In addition, Self states that he is "a commissioned investigator and special agent of the Attorney General." [Mem. in Supp. of Motion at 8-9.] Haw. Rev. Stat. § 28-11(a) provides:

> The attorney general shall appoint and commission one or more investigators as the exigencies of the public service may require. Persons appointed and commissioned under this section shall have and may exercise all of the powers and authority and the benefits and privileges of a police officer or of a deputy sheriff. These investigators shall consist of personnel whose primary duty will be to conduct investigations as directed by the attorney general.

The plain language of § 657-13 and § 28-11(a) indicates that the tolling provision does not apply to Self, and the Motion is therefore granted. Moreover, because it cannot be cured by amendment, the claims against Self must be dismissed with prejudice.

## CONCLUSION

On the basis of the foregoing, Defendant Joseph Self, Jr.'s Motion to Dismiss First Verified Amended Complaint, Filed on April 24, 2017 [Dkt no. 28] or, in the Alternative, for Summary Judgment, filed on May 19, 2017, is HEREBY GRANTED and

the claims against Self are DISMISSED WITH PREJUDICE.  In
addition, the remainder of the Amended Complaint is DISMISSED in
its entirety.  Plaintiff's claims that were dismissed for lack of
venue, as well as the claim that is barred by Heck v. Humphrey,
are DISMISSED WITHOUT PREJUDICE.  All of the other claims are
DISMISSED WITH PREJUDICE.  There being no remaining claims in
this case, the Court DIRECTS the Clerk's Office to enter final
judgment and close this case on **October 5, 2017,** unless Plaintiff
files a motion for reconsideration of this Order by **October 4,
2017**.

IT IS SO ORDERED.

DATED AT HONOLULU, HAWAII, September 19, 2017.



/s/ Leslie E. Kobayashi
Leslie E. Kobayashi
United States District Judge


**ANTHONY T. WILLIAMS VS. STATE OF HAWAI`I, ET AL.; CIVIL 16-00411
LEK-RLP; ORDER:  (1) GRANTING DEFENDANT'S MOTION TO DISMISS FIRST
VERIFIED AMENDED COMPLAINT, FILED ON APRIL 24, 2017 [DKT NO. 28]
OR, IN THE ALTERNATIVE, FOR SUMMARY JUDGMENT; AND (2) DISMISSING
THE COMPLAINT IN ITS ENTIRETY**